The opinion of the Court was delivered by
Inglis, J.
The appeals in these causes, presenting the same question for adjudication, ha’ve been heard together; They *175 are indictments at common law for simple larceny of goods, in each case “ below the value of twenty dollars,” and certainly, as charged, “ above the value of twelve pence.” They were tried, the former in the Court of Sessions, and the latter in the District Court for Laurens, and the defendants in each case who aré appealing were convicted. The motion here is in arrest of judgment, on the ground that a simple larceny of goods, &c., “below the value of twenty dollars,” is no longer indictable as an offence at common law.
At common law every simple larceny, whatever the value of the property stolen, was a felony, as involving the forfeiture of the convict’s lands and goods and chattels, or of his goods and chattels alone. (4 Bl. Com. 94-98.) If the value of the property was not above twelve pence, the theft constituted the offence known as petit larceny, and subjected the convicted offender to punishment by imprisonment or whipping only; otherwise it was grand larceny, and was punished with death, though with benefit of clergy. The Act of December 21, 1860, sections 14, 10, 9, (13 Stat. 406,407,) enlarges the definition of petit larceny so as to embrace therein every simple larceny of goods, &c., “below the value of twenty dollars,” makes the offence thus described a misdemeanor, and subjects the convict, at the choice of the Court, to one or other of Various modes of punishment, altogether different from those visited upon a conviction of larceny at common law. The common law is superseded by a statute, in so far as it is repugnant to the latter. (1 Bl. Com. 89.) Here the changes wrought by the recent Act are most material, and the repugnance between its provisions and those of the common law on the same subject is manifest. Every simple larceny of goods, &c., “ below the value of twenty dollars,” is now exclusively a statutory offence, and must be so charged, with the proper conclusion — “ contra formcim statuti.”
In The State vs. Ripley, (2 Brev. 300,) the defendant was indicted for stealing two ^sheep as for larceny at common law. *176 The indictment was, on motion, quashed on the ground that since the Act of 1789, altering the common law punishment of larceny, where cattle, hogs, sheep, &c., were the subject of the theft, no prosecution at common law would lie in such case. Upon appeal, it was held that in every such case of larceny the indictment must be founded on, and conclude against the statute, and the motion to reverse the circuit order was dismissed. So also in The State vs. McLain, (2 Brev. 443,) the defendant was indicted for “stealing a pig contrary to the Act of Assembly.” A motion was made to quash the indictment on the ground that the Act did not mention “ a^)ig” in its enumeration, and consequently created no such offence as “ stealing a pig.” It was argued that the conclusion might be rejected as surplusage, and the indictment be sustained as an indictment at common law. To this it was replied that “pig” was included under the generic description, “ hog,” the stealing of which was exclusively a statutory offence, and if the subject of the theft had been so described, the indictment would have been good, but no indictment would lie at common law, and on this latter ground the motion to quash was granted. The circuit order was affirmed in the Court of Appeals on the same ground. In The State vs. Humphries, 1 Overton’s Rep. 107, it was held that since the Tennessee statute of 1807, which extended petit larceny to any theft of goods, &c., .under the value of ten dollars, an indictment for such offence must conclude “ against the form of the statute.”
The motions in arrest of judgment are granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion granted.